UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN COXON,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES DISTRICT COURT, et al.,<br><br>        Defendants. | Case No. 22-cv-00867-DMR<br><br>**ORDER GRANTING IFP APPLICATION AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E)** |

Plaintiff filed an application for leave to proceed *in forma pauperis* ("IFP"). Having considered Plaintiff's papers, the court grants the IFP application and finds that the complaint fails to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e). Plaintiff must file a first amended complaint that addresses the deficiencies identified in this screening order by **February 28, 2022.**

I.    **DISCUSSION**

       A court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. *See* 28 U.S.C. § 1915(a). Having evaluated Plaintiff's financial affidavit, the court finds that he has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and grants the application to proceed IFP.

       A court is under a continuing duty, however, to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If the court dismisses a case pursuant to 28 U.S.C. § 1915(e)(2)(B), the plaintiff may still file the same complaint by paying the

filing fee. This is because the court's section 1915(e)(2)(B) dismissal is not on the merits, but rather an exercise of the court's discretion under the IFP statute. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

To make the determination under 28 U.S.C. § 1915(e)(2)(B), courts assess whether there is an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Id.* at 1228. A court can also dismiss a complaint where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam). Dismissal is proper where "no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677-78.

Although pro se pleadings are liberally construed and held to a less stringent standard than those drafted by lawyers, *see Erickson*, 551 U.S. at 94, a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007); *see also* Fed. R. Civ. P. 12(b)(6). "[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Plaintiff's barebones complaint does not allege any cognizable claim for relief. Plaintiff simply alleges that he was "harassed" on multiple occasions between 2011 and 2022 and petitions the U.S. District Court to order that "people stop harassing the Petitioner." Plaintiff does not offer any facts about his alleged harassment, including the identity of his harassers or what they did. He also does not indicate any legal authority that prohibits such harassment or on what basis the court may order the relief he seeks. Plaintiff also does not explain why he names the U.S. District Court

as the sole respondent in this action and not his claimed harassers. Because Plaintiff states naked assertions without any plausible allegations or legal claims for relief, the court finds that complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e).

## II. CONCLUSION

For the reasons above, the court grants Plaintiff's IFP Application and finds that the complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e). Plaintiff must file a first amended complaint addressing the deficiencies identified in this order within two weeks—i.e., by **February 28, 2022**. If he does not file a timely first amended complaint, the court will recommend that his action be dismissed. The Case Management Conference set for May 11, 2022 is vacated and will be re-set at a later date.

The court refers Plaintiff to the section "Representing Yourself" on the Court's website, located at https://cand.uscourts.gov/pro-se-litigants/, as well as the Court's Legal Help Centers for unrepresented parties. Parties may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: February 14, 2022

_____
Donna M. Ryu
United States Magistrate Judge